John A. McGuinn, Esq. (State Bar No. 036047)
Jeannette A. Vaccaro, Esq. (State Bar No. 287129)
McGUINN, HILLSMAN & PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133
Telephone: 415/421-9292
Facsimile: 415/403-0202

Attorneys for Plaintiff
CHERYL BELLONI

Peter O. Glaessner, Esq. (State Bar No. 93830)
Maria M. Lampasona, Esq. (State Bar No. 259675)
LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

Attorneys for Defendant
THE ROMAN CATHOLIC
ARCHBISHOP OF SAN FRANCISCO, A
CORPORATION SOLE
(sued herein as Archdiocese of San Francisco)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CHERYL BELLONI,<br><br>    Plaintiff,<br><br>v.<br><br>ARCHDIOCESE OF SAN FRANCISCO,<br>a California Corporation<br><br>    Defendant. | Case No. C 13-03509 KAW<br><br>**STIPULATION AND [PROPOSED]**<br>**ORDER RE: LEAVE TO FILE FIRST**<br>**AMENDED COMPLAINT**<br>[Civil Local Rules 10-1, 7-12 and FRCP 15] |

IT IS HEREBY STIPULATED by and between the parties hereto, through their respective counsel, that Plaintiff may have leave to file a First Amended Complaint herein, a copy of which is attached hereto as Exhibit 1 and offered herewith for filing, pursuant to the provisions of Civil Local Rules 10-1, 7-12 and Federal Rule of Civil Procedure 15. Defendant's Answer filed on September 18, 2013 is deemed the Answer to the Amended Complaint.

DATED: October 2, 2013  LOMBARDI, LOPER & CONANT, LLP
Attorneys for Defendant THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO, A CORPORATION SOLE (sued herein as Archdiocese of San Francisco)

By: _____
MARIA M. LAMPASONA

DATED: October 2, 2013  McGUINN, HILLSMAN & PALEFSKY
Attorneys for Plaintiff CHERYL BELLONI

By:   /s/ John A. McGuinn
JOHN A. McGUINN

ORDER

PURSUANT TO STIPULATION, IT IS ORDERED that Plaintiff may file the First Amended Complaint as set forth in Exhibit 1.

Dated: 10/9, 2013   _____
MAGISTRATE JUDGE KANDIS A. WESTMORE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

STIPULATION AND [PROPOSED] ORDER RE: LEAVE TO FILE FIRST AMENDED COMPLAINT [C.C.P. § 471.5]                2

# EXHIBIT 1

John A. McGuinn, Esq. (State Bar No. 036047)
Jeannette A. Vaccaro, Esq. (State Bar No. 287129)
McGUINN, HILLSMAN & PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133
Telephone: 415/421-9292
Facsimile: 415/403-0202

Attorneys for Plaintiff
CHERYL BELLONI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CHERYL BELLONI,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO, A CORPORATION SOLE (sued erroneously herein as Archdiocese of San Francisco, a California Corporation),<br><br>　　　　Defendant. | Case No. CV 13 03509 KAW<br><br>FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL<br>(Race Discrimination; National Origin Discrimination; Gender Discrimination; Age Discrimination; Labor Code Violations)<br><br>**[Correcting name of Defendant]** |

PLAINTIFF CHERYL BELLONI COMPLAINS AND ALLEGES AS FOLLOWS:

I.

**JURISDICTION AND VENUE**

1. Plaintiff brings this action pursuant to Title VII, 42 U.S.C. § 2000e, the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et. seq.*, and under the California Labor Code. This court has jurisdiction of the action pursuant to 28 U.S.C. § 1331, and over the state claims pursuant to its supplemental jurisdiction under 28 U.S.C. § 1367.

2. The acts and omissions alleged herein were committed in the Northern District of California.

## II.

## THE PARTIES

3. Plaintiff is a resident and citizen of the state of California. Her date of birth is December 19, 1945.

4. The Roman Catholic Archbishop of San Francisco, a Corporation Sole ("Defendant") is a California Corporation Sole. At all material times Defendant acted through agents and employees who at all material times acted within the course and scope of their agency and employment for Defendant.

## III.

## ADMINISTRATIVE EXHAUSTION

5. Plaintiff timely filed this action after receiving a right to sue letter from the appropriate administrative agencies.

## IV.

## FACTUAL ALLEGATIONS

6. Plaintiff's employment with Defendant spanned over 30 years from 1982 until November 30, 2012 when she was terminated by Defendant.

7. During Plaintiff's long tenure at Defendant, she worked for five Pastors at St. Isabella Church in San Rafael, California as secretary, head of Human Resources and bookkeeper.

8. In July 2011, Father Mark Ruberiano was appointed Pastor of St. Isabella Church. He is Filipino and in his mid-30s.

9.     Before Father Ruberiano became Pastor of St. Isabella, Plaintiff had received favorable evaluations of her job performance and had never been reprimanded or given any verbal or written warnings about her job performance.

10.    In mid-July 2011, roughly two weeks after Father Ruberiano joined St. Isabella, Plaintiff received her first ever reprimand. It was from Father Ruberiano regarding comments Plaintiff made while she and another employee were counting the Sunday offertory. Father Ruberiano accused Plaintiff of being disrespectful and insubordinate.

11.    In early August 2011, Plaintiff was again reprimanded, this time for counting the Sunday offertory in the main office rather than the conference room. Father Ruberiano later documented in Plaintiff's personnel file that she had been passive aggressive and insubordinate.

12.    Also in August, Father Ruberiano asked Plaintiff why Deacon Jim Myers received a $125 monthly stipend. Plaintiff explained that the Deacon had been given a stipend for the work he did for the Parish since he was ordained over 10 years ago. She told Father Ruberiano that since Deacon Myers did not have full time employment outside the Parish the stipend was important to him. When Father Ruberiano instructed Plaintiff to stop issuing checks to the Deacon, she commented that she did not think that was fair. Father Ruberiano argued with her and later documented in her personnel file that she was "negatively defensive."

13.    In July or August 2011, Plaintiff was again reprimanded by Father Ruberiano. He told her not to question him about his whereabouts, nor about his presence in the office. He told Plaintiff he would tell her what she needed to know "on a need to know" basis. As parish secretary, however, she was expected by the parishioners to know when the Pastor would be in and was required to coordinate certain activities with him, such as the signing of checks and other important Parish business.

McGUINN, HILLSMAN
& PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

FIRST AMENDED COMPLAINT AND
DEMAND FOR JURY TRIAL

3

14. Throughout his tenure, Father Ruberiano insisted that Plaintiff communicate with him by text messaging. For example, he required Plaintiff to text him the offertory numbers every Monday morning, even if he was in the office.

15. At the October or November 2011 staff meeting, Plaintiff asked whether the church would pay for the staff's cell phone bills since they were required to use their cell phones for church business. Father Ruberiano told her "no" the Parish would not reimburse the staff for any portion of their cell phone bills.

16. In December, 2011, Plaintiff told Father Ruberiano that she didn't believe that text messaging was an effective way to communicate and that she would appreciate being able to speak with him about church business. He responded that texting was the way he communicated most often. He then told Plaintiff "Maybe you are not used to working for a younger boss."

17. Since April 2011, Plaintiff had been allowed to work from home two days a week. This arrangement was put in place by the prior Pastor, Ken Westray, and the agreement was documented in Plaintiff's personnel file. In February 2012, however, Father Ruberiano rescinded this agreement. He told Plaintiff that she had to be in the office five days a week beginning in March 2012.

18. In February 2012, Plaintiff informed Father Ruberiano that she was having hip replacement surgery and would require at least six weeks of medical leave beginning April 4, 2012.

19. Plaintiff had hip replacement surgery on April 4, 2012 and was out on protected medical leave from April 4, 2012 through July 15, 2012. Unfortunately, the surgery had complications and left Plaintiff with permanent disabilities, including "drop foot" and nerve damage.

McGUINN, HILLSMAN & PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

FIRST AMENDED COMPLAINT AND
DEMAND FOR JURY TRIAL

4

20. Shortly after her return to work in July 2012, Plaintiff was again reprimanded by Father Ruberiano. This time he accused her of yelling at a co-worker, Mike Mangini, on the day she returned from her medical leave. Plaintiff told Father Ruberiano that she had not yelled at Mr. Mangini, she explained the situation and told him that she and Mr. Mangini had worked together for over 25 years. Father Ruberiano then accused her of playing favoritism with her co-workers and being cliquish.

21. On July 23, 2012, a case of wine had been delivered to the rectory and no one knew who it was from. Father Ruberiano asked Plaintiff if she knew where the wine had come from. Plaintiff stated that perhaps it came from the sacristans because oftentimes there was not enough wine for the Mass and the sacristans were not able to find another bottle. Later that day, Father Ruberiano reprimanded Plaintiff and told her she had been disrespectful. He accused her of blaming him for the sacristans not having sufficient wine at Mass. Plaintiff, however, made no such comment, but merely expressed her opinion as to where the wine may have come from and why since they had been discussing where the wine could have come from. Father Ruberiano told her that he asked her a question, not for her opinion.

22. At the October 2012 Finance Council Meeting, Father Ruberiano commended Plaintiff to the council on the great job she was doing at keeping the Parish books. Despite these praises, on October 19, 2012, Father Ruberiano questioned Plaintiff regarding some checks that had been written on the Parish account. Father Ruberiano wanted to know if Plaintiff had receipts for the reimbursements and she told him she did. He then brought up his accusation that she had yelled at one of her co-workers, Mike Mangini, back in July. Although they had already discussed this situation and Plaintiff had explained that she'd never yelled at Mr. Mangini, Father Ruberiano used this meeting as an opportunity to lecture Plaintiff about being disrespectful although there were no "new incidents."

23. On November 6, 2012, Father Ruberiano came to Plaintiff's desk at 3:45 pm and gave her a written warning letter, told her to read it and sign it. The letter stated that Father Ruberiano "has received many complaints from your co-workers and others that you have dealt with them in a rude and unfriendly manner." It went on to accuse Plaintiff of being disrespectful and insubordinate. The letter stated that she would have 30 days to improve her attitude and behavior. Plaintiff told Father Ruberiano that she didn't believe the accusations were true. Father Ruberiano refused to discuss the accusations in the letter, instead, he told her in a stern voice "Sheri, I asked you to read it and sign it." At Father Ruberiano's insistence, she signed the letter, albeit under duress. Plaintiff was shocked by the accusations in the letter and highly upset. When Plaintiff asked if she could have a copy of the letter, Father Ruberiano initially denied her request outright, but then stated, "I'll have to think about it."

24. Father Ruberiano ultimately gave Plaintiff a copy of the letter on November 9, 2012. A copy of said letter is attached hereto as Exhibit 1. Plaintiff prepared and delivered a written response to the letter on November 12, 2012. A copy of Plaintiff's November 12 response is attached hereto as Exhibit 2. Father Ruberiano never sat down with Plaintiff to discuss the November 6 letter or her November 12 response.

25. On November 30, 2012, at the end of the day, Father Ruberiano told Plaintiff that she was being terminated. He again accused her of being disrespectful and told her "I cannot work like this," "I cannot be successful at St. Isabella if you are here," and "This is not working for me. I've made my decision."

///

///

///

V.

**STATEMENT OF CLAIMS**

**CLAIM ONE**

(42 U.S.C. § 2000e - Race/National Origin Discrimination)

26. Plaintiff realleges and incorporates by reference paragraphs 1 through 25 as if fully set forth herein.

27. Plaintiff is a Caucasian-American.

28. Plaintiff was subjected to discrimination by Defendant in one or more of the following particulars:

    a. Plaintiff was subjected to unwarranted discipline and/or

    b. Plaintiff was terminated.

29. A motivating factor in Defendant's conduct as alleged in paragraph 28(a) and/or (b) was Plaintiff's race, Caucasian and/or her national origin, American. Plaintiff was replaced by a younger Filipino male.

30. As a result Plaintiff has suffered emotional distress all to her non-economic loss in an amount to be proven at trial.

31. As a further result Plaintiff has suffered economic loss in an amount to be proven at trial.

32. Defendant's acts were intentional and Defendant should be assessed punitive damages in an amount to be proven at trial.

33. Plaintiff is entitled to her reasonable attorneys' and expert witness fees pursuant to 42 U.S.C. § 2000e, *et seq.*

///

///

## CLAIM TWO

(42 U.S.C. § 2000e - Gender Discrimination)

34. Plaintiff realleges and incorporates by reference paragraphs 1 through 33 as if fully set forth herein.

35. A motivating factor in Defendant's conduct as alleged in paragraph 28(a) and/or (b) was Plaintiff's gender, female. Plaintiff was replaced by a younger Filipino male.

36. As a result Plaintiff has suffered emotional distress all to her non-economic loss in an amount to be proven at trial.

37. As a further result Plaintiff has suffered economic loss in an amount to be proven at trial.

38. Defendant's acts were intentional and Defendant should be assessed punitive damages in an amount to be proven at trial.

39. Plaintiff is entitled to her reasonable attorneys' and expert witness fees pursuant to 42 U.S.C. § 2000e, *et seq.*

## CLAIM THREE

(29 U.S.C. § 621 *et. seq.* - Age Discrimination)

40. Plaintiff realleges and incorporates by reference paragraphs 1 through 39 as if fully set forth herein.

41. Plaintiff was 66 years old at the time of her termination.

42. Defendant's conduct as alleged in paragraph 28(a) and/or (b) was because of Plaintiff's age. She was replaced by a younger, less qualified male.

43. As a result of said discrimination, Plaintiff is entitled to lost back pay, retroactive fringe benefits, front pay, prejudgment interest, reasonable attorneys' and expert witness fees,

McGUINN, HILLSMAN
& PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133

FIRST AMENDED COMPLAINT AND
DEMAND FOR JURY TRIAL

8

and such other injunctive relief as the Court deems just pursuant to 29 U.S.C. § 216(b) and § 626(b).

44. Said conduct was intentional and Plaintiff is entitled to liquidated damages equal to twice the base amount of the award.

## CLAIM FOUR

(Labor Code § 226)

45. Plaintiff realleges and incorporates by reference paragraphs 1 through 44 as if fully set forth herein.

46. Throughout her employment, Plaintiff was not provided with accurate and complete wage statements in accordance with Labor Code § 226.

47. Plaintiff is entitled to recover penalties not to exceed $4,000.00.

48. Plaintiff is entitled to her costs and reasonable attorneys' fees pursuant to Labor Code § 226(e).

## CLAIM FIVE

(Cal. Labor Code § 2802)

49. Plaintiff realleges and incorporates by reference paragraphs 1 through 48 as if fully set forth herein.

50. From approximately July 2011 through her termination, Plaintiff was required to use her personal cellular telephone in the direct discharge of her duties or in obedience to the directions of her employer.

51. Plaintiff has requested indemnification for the expenses related to the use of her personal cellular phone, but Defendant has refused to indemnify her for those expenses.

52. Plaintiff is entitled to recover all expenses related to the use of her cellular telephone in the direct discharge of her duties or in obedience to the directions of her employer,

McGUINN, HILLSMAN
& PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

FIRST AMENDED COMPLAINT AND
DEMAND FOR JURY TRIAL

9

which sum is alleged to be $1,176.00, plus interest.

53. Plaintiff is entitled to her reasonable attorneys' fees pursuant to Labor Code § 2802(c).

## VI.

## DEMAND FOR JURY TRIAL

54. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff prays for judgment as alleged in the claims stated above.

DATED: September 26, 2013      McGUINN, HILLSMAN & PALEFSKY
                               Attorneys for Plaintiff CHERYL BELLONI


                               By:    /s/ John A. McGuinn
                                      JOHN A. McGUINN